UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RHONDA A. JONES,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>　　　　Defendant. | Case No.: 3:19-cv-00602-BJD-MCR<br>Hon. Judge Brian J. Davis<br>Magistrate Judge Monte C. Richardson |

### DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES

NOW COMES the Defendant, NATIONAL CREDIT SYSTEMS, INC., ("hereinafter, the "Defendant"), by and through their attorney, DeMarte Law, PLLC, and hereby moves this Honorable Court for costs and attorneys' fees against Plaintiff, pursuant to Fed. R. Civ. P. 54, Fla. Stat. § 559.77(2), Fla. Stat. § 768. 79, 28 U.S.C. § 1920, and 28 U.S.C. § 1927, for the following reasons:

1. That on June 5, 2020, this Court entered final judgment on Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Florida Consumer Collection Practices Act, Fl. St. 559.79, *et seq.,* ("FCCPA"), against Defendant herein, in favor of the Plaintiff.

2. Pursuant to Fed. R. Civ. P. 54, a judgment is defined as "any order from which an appeal lies".

3. A judgment is a final order for all issues against the Defendant, which is appealable by the Plaintiff.

4. On September 12, 2019, Defendant herein served their Offer of Judgment in the amount of $1,001.00 plus costs and fees – to be agreed upon by the parties or to be determined by the court. Exhibit 1.

5. Plaintiff had fourteen days to respond.

6. Plaintiff did not respond.

7. That Plaintiff's failure to respond constitutes a rejection.

8. That given Plaintiff's rejection, Defendant is now entitled to costs incurred in defending this litigation from a September 12, 2019 through June 5, 2020.

9. That Defendants would request the award of costs as outlined in attached Declaration by Ron Sapp.

10. Moreover, Defendant seeks its attorneys' fees in having to defend this matter after the rejection of their offer of judgment on the grounds that Fla. Stat. § 768. 79 provides for attorneys' fees and costs to the prevailing party, and Fl. St. 559.77(2) provides attorneys' fees and costs where a Plaintiff does not make out any triable issue of fact under their FCCPA claims – which Plaintiff did not do in this case. and requests that this Honorable Court exercise its discretion and award Defendant its attorneys fees incurred pursuant to 15 U.S.C. § 1692k(a)(3).

11. Lastly, Defendant is entitled to non-taxable costs under 28 U.S.C. § 1920 – more specifically its costs for obtaining deposition transcripts which were crucial in obtaining judgment in this matter. Defendant also submits that it should be entitled to Ron Sapp's travel expenses pursuant to 28 U.S.C. § 1920, as he is a witness.

12. If Ron Sapp's travel expenses are not recoverable pursuant to 28 U.S.C. § 1920, his expenses should be recoverable pursuant to and 28 U.S.C. § 1927, for the sole reason that Plaintiff's counsel required Mr. Sapp to appear *in person* for his deposition in Florida pursuant to the local rules, knowing that he resided in Atlanta, Georgia, refusing to make concessions for telephonic or a video deposition.

13. Defendant sought concurrence in the relief requested in this Motion and concurrence was neither provided or denied. Pursuant to the local rules, if Plaintiff provides any further position Defendant will further update this Honorable Court

WHEREFORE, Defendant requests this Honorable Court award costs of $2,384.52, and attorneys' fees in the amount of $6,600.00 pursuant to Fed. R. Civ. P. 54, Fla. Stat. § 559.77(2), Fla. Stat. § 768. 79, 28 U.S.C. § 1920, and 28 U.S.C. § 1927.

Dated: June 19, 2020

                     _/s/Katrina M. DeMarte_____
                      KATRINA M. DEMARTE (MI bar No. P81476;
                      CO Bar No. 43135)
                      DEMARTE LAW, PLLC
                      39555 Orchard Hill Place Suite 600 PMB 6338
                      Novi, MI 48375
                      313-509-7047
                      Katrina@demartelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I electronically filed a copy of the foregoing paper and this Certificate of Service with the Clerk of the Court using the ECF system and electronically mailed filing to all counsel of record.

                                                         */s/ Katrina M. DeMarte, Esq.*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RHONDA A. JONES,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>    Defendant. | Case No.: 3:19-cv-00602-BJD-MCR<br>Hon. Judge Brian J. Davis<br>Magistrate Judge Monte C. Richardson |

## BRIEF IN SUPPORT OF MOTION FOR COSTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 68

Plaintiff's Complaint against the Defendant, National Credit Systems, Inc. ("NCS"), alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Florida Consumer Collection Practices Act, Fl. St. 559.79, *et seq.,* ("FCCPA"). Dkt. 1. Accordingly, this Honorable Court's subject matter jurisdiction over the FCRA and FDCPA claims is pursuant to 28 U.S.C. § 1331, and it's supplemental jurisdiction over the FCCPA claim stems from 28 U.S.C. § 1367. Neither party asserted diversity jurisdiction – only federal question jurisdiction. In entering judgment, this Honorable Court granted judgment on both state and federal claims in favor of the Defendant. Dkt. 35.

Where an offer of judgment has been made on a state court claim, and that offer of judgment has been rejected, the prevailing defendant is entitled to reasonable costs and attorneys' fees incurred following the date of the offer of judgment if the judgment they obtain is one of no liability or is at least 25 percent less than the offer they made. *Design Pallets, Inc. v. Gray Robinson, P.A.,* 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008); *see also* Fl. St. 768.79. Here,

because Defendant served Plaintiff with an Offer of Judgment on September 12, 2019, which covered all claims, Defendant should be entitled to recover all costs and attorneys' fees incurred after September 12, 2019.

Moreover, the Defendant is entitled to costs and attorneys' fees where the court finds that there are no "justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant." Fla. Stat. § 559.77(2). Because this Court adjudicated Plaintiff's state law claims under the FCCPA, the Court applied the substantive law of Florida in determining whether or not the Plaintiff had a claim under the FCCPA – and this Honorable Court should also apply the substantive law of Florida in determining whether or not the Defendant is entitled to attorneys' fees pursuant to the FCCPA as well. *See Earthcam, Inc v. OxBlue Corp.*, 658 F. App'x 526, 529-30 (11th Cir. 2016) (noting that the Eleventh circuit generally applies state fee-shifting statutes unless there is a "direct collision" with federal law); *Shelton v. Schar*, No. 5:17-CV-86-OC-PGBPRL, 2018 WL 3636698, at *1 (M.D. Fla. Apr. 23, 2018) (same, and interpreting and applying § 559.77(2)).

NCS is entitled to an award of its attorneys' fees and costs because, since inception, Plaintiff's Complaint failed to raise any triable issues of law or fact under the FCCPA or any other grounds. The factual allegations allegedly supporting this cause of action never changed, up and through the Court's June 4, 2020 decision granting judgment in NCS's favor. Other courts have found similar unsupported allegations under the FCCPA to warrant attorney's fees to the prevailing Defendant. *See Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008) and *Shelton*, *supra*. The Court should do so here as well.

At no point did Plaintiff attempt to demonstrate any other conduct other than that which was detailed in her complaint that would support liability. At a minimum, Plaintiff should have

"reassessed the viability of the claim" rather than proceeding. *Conner*, 597 F. Supp. 2d at 1310 (awarding the defendant attorneys' fees under the FCCPA), *aff'd* 2008 U.S. Dist. LEXIS 108305 (S.D. Fla. June 25, 2008).

But, Plaintiff did not. Instead, Plaintiff continued to litigate to the end, actively opposing NCS's Motion for Summary Judgment based on these same insufficient allegations – which is even more troubling based upon the fact that the Plaintiff did not bother to even brief her own FCCPA allegations, nor did she respond with any law or facts to rebut the Defendant's own offerings as it relates to Defendant's dispositive motion regarding the FDCPA or FCCPA. She sat idly by. Because this claim never reached the level of a justiciable issue, NCS is entitled to attorney's fees for having to defend against it. *Shelton*, 2018 WL 3636698 at *4 (awarding defendant attorney's fees under § 559.77(2) where "there appears from the original complaint to be no factual basis for this claim as well."); *see also Conner*, 597 F. Supp. 2d at 1302.

Moreover, NCS submits that it is entitled to non-taxable costs pursuant to 28 U.S.C. § 1920. Specifically, it is entitled to its costs for transcripts and witness costs for Ron Sapp having to travel to said deposition. The deposition transcript was invaluable in demonstrating there were no issues of material fact in rendering summary judgment in NCS's favor. Moreover, NCS would argue that the Plaintiff's insistence and persistence in pressing forward with this matter when it was clear there were no triable issues, and that NCS had no legal culpability, particularly in light of the fact that NCS had offered to compromise by serving an offer of judgment early on and NCS should be entitled to its costs and attorneys' fees pursuant to 28 U.S.C. § 1927.

Accordingly, for the foregoing reasons, NCS requests that the Court award NCS its reasonable attorney's fees incurred in having to defend against Plaintiff's Complaint. NCS has attached supporting documentation regarding the requested attorneys' fees and costs.

Dated: June 19, 2020

/s/Katrina M. DeMarte
KATRINA M. DEMARTE (MI bar No. P81476;
CO Bar No. 43135)
DEMARTE LAW, PLLC
39555 Orchard Hill Place Suite 600 PMB 6338
Novi, MI 48375
313-509-7047
Katrina@demartelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically filed a copy of the foregoing paper and this Certificate of Service with the Clerk of the Court using the ECF system and electronically mailed filing to all counsel of record.

/s/Katrina M. DeMarte
KATRINA M. DEMARTE (MI bar No. P81476;
CO Bar No. 43135)
DEMARTE LAW, PLLC
39555 Orchard Hill Place Suite 600 PMB 6338
Novi, MI 48375
313-509-7047
Katrina@demartelaw.com